**Terry RANKINS, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2005–SC–000690–DG.

Supreme Court of Kentucky.

Nov. 1, 2007.

Daniel T. Goyette, Louisville Metro Public Defender, Bruce P. Hackett, Deputy Appellate Defender, Louisville, KY, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, David A. Sexton, Assistant Jefferson County Attorney, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

This appeal considers the admissibility of hearsay statements of an assault victim who was not available to testify at trial. The Commonwealth sought to introduce the statements under the "excited utterance" hearsay exception. The district court found the statements did not qualify as "excited utterances", and were inadmissible. The circuit court reversed, holding the statements were "excited utterances". Because the statements are testimonial. *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) requires exclusion of the statements regardless of whether they fall under the "excited utterance", or any other, hearsay exception. Therefore, we reverse the circuit court and reinstate the order of dismissal of the district court, albeit on different grounds.

On October 27, 2002, Officer William Brown of the Louisville Metro Police Department responded to a domestic violence call at the corner of 15th and Dumesnil Streets. The 911 call came in at approximately 9:55 p.m., and Officer Brown arrived at the scene only a minute or two later. Upon arriving, he was flagged down by the victim, Nicole Weaver. She was alone and leaning against a building, slumped over with one arm holding her ribs. She was crying, upset, and visibly in pain. Her face was swollen and she was having problems breathing. Officer

Brown asked Weaver what happened, and she went into detail. Weaver told Officer Brown that she and her ex-boyfriend (whom she identified as the appellant, Terry Rankins) had been arguing over money, and that Rankins became angry, pushed her to the ground, stomped on her, and dragged her across the asphalt by her arm. Weaver gave a description of Rankins, who had fled the scene, and an address where he could be found. During the course of Weaver's statement, Officer Brown helped her to his patrol car. He stayed with Weaver until the ambulance and EMT arrived, at which time he and a detective went to look for Rankins. Weaver was taken to the hospital. Rankins was found and arrested.

The case was ultimately set for trial in Jefferson District Court on the charge of fourth-degree assault. On the date scheduled for trial, Weaver, the only eyewitness, was not present because she was pregnant and on bed rest. The prosecutor announced that the Commonwealth would proceed without Weaver, and would rely instead on the aforementioned statements Weaver had made to Officer Brown, as well as statements she had made to the EMT and hospital personnel (contained in certified medical records). The Commonwealth proposed that the statements to Officer Brown qualified under the "excited utterance" hearsay exception;[1] that the statements to the EMT qualified under the "excited utterance" and the medical treatment or diagnosis exception;[2] and that the statements in the hospital records qualified under the medical treatment or diagnosis exception. Defense counsel challenged the admissibility of the hearsay, and a hearing was held thereon. The district court ruled

that the statements made by Weaver to Officer Brown did not qualify as "excited utterances" and were inadmissible. The statements to the EMT were ruled inadmissible as "excited utterances" as well. The statements to the EMT and in the hospital records were ruled admissible under the medical treatment or diagnosis exception, with the identity of the perpetrator redacted. The prosecutor requested a continuance to seek an interlocutory appeal to the circuit court. The district court denied the continuance, and, there being no other evidence identifying Rankins as the perpetrator, dismissed the case. The Commonwealth's motion to alter or amend was denied, and the matter was appealed to the Jefferson Circuit Court.

While the Commonwealth's appeal was pending in circuit court, the United States Supreme Court decided *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Defense counsel filed a motion in circuit court advising the court of the *Crawford* decision and its application herein. Relevant to this appeal, the circuit court reversed the district court as to Weaver's statements to Officer Brown, holding these statements did qualify as excited utterances.[3] There was no *Crawford* analysis. Rankins filed a motion for reconsideration on the failure to apply *Crawford*. The circuit court ruled:

> *Crawford* is inapplicable to the case at bar because it concerned testimonial out of court statements of a declarant in an extended interview between the spouse of a defendant and a police officer. The statements of the victim to the police officer in the case at bar fell under the excited utterance exception, (KRE

---

1. KRE 803(2).

2. KRE 803(4).

3. The circuit court affirmed the district court's rulings as to the statements to the EMT and in the hospital records. These issues were not appealed by either side.

803(2)), and were not the result of an extended police interview . . .

The Court of Appeals denied discretionary review. We granted discretionary review to consider the admissibility of the statements to the police officer. It is not necessary, as it was for the district court, for this Court to decide whether or not the statements qualify as "excited utterances", as our decision is controlled by *Crawford*, and its progeny, *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), and *Hammon v. Indiana*, decided with *Davis*.

In the landmark case of *Crawford*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, the United States Supreme Court revisited the Confrontation Clause and its decision in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *Roberts* interpreted the purpose of the Clause as a substantive one—to ensure the reliability of evidence. *Roberts* went on to hold, therefore, that the constitutional right to confrontation could be "dispensed with," where reliability can be inferred if the evidence falls within a "firmly rooted hearsay exception" or has "particularized guarantees of trustworthiness," under the rationale that such evidence comports with the "substance of the constitutional protection." *Roberts*, 448 U.S. at 64–66, 100 S.Ct. at 2538–39, 65 L.Ed.2d at 606–08.

Whereas *Roberts* circumvented the Confrontation Clause by allowing into evidence out-of-court statements deemed reliable by a court, or through the rules of evidence, *Crawford* returned the Court to a strict construction of the Clause, in line with the original intent of the Framers.[4] *Crawford* recognized that the purpose of the Clause

is to ensure the reliability of evidence, but that it is a *procedural*, not substantive, guarantee, a constitutional right that cannot be usurped by state or federal rules of evidence or judicial determinations of "reliability." *Crawford*, 541 U.S. at 61, 124 S.Ct. at 1370, 158 L.Ed.2d at 199. "The Constitution prescribes a procedure for determining the reliability of testimony in criminal trials, and we, no less than the state courts, lack authority to replace it with one of our own devising." *Id.* at 67, 124 S.Ct. at 1373, 158 L.Ed.2d at 202. "[The Clause] commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Id.* at 61, 124 S.Ct. at 1370, 158 L.Ed.2d at 199. Accordingly, the *Roberts* test, which allowed cross-examination to be replaced by "hearsay exceptions" and "particularized guarantees of trustworthiness" as surrogate means of assessing reliability, was deemed by the *Crawford* Court as fundamentally at odds with the Confrontation Clause and original intent, and discarded.

Returning to the Framers' intent, *Crawford* held that the Sixth Amendment prohibits the admission of the testimonial statement of a declarant who does not appear at trial, unless the declarant is unavailable to testify *and* the defendant had a prior opportunity for cross-examination. *Crawford* referred to "testimonial" statements, because it is statements of a testimonial character, as opposed to other hearsay, which cause the declarant to be a witness against the accused for purposes of the Confrontation Clause. *See Davis*, 126 S.Ct. at 2273 (citing *Crawford*, 541 U.S. at 51, 124 S.Ct. at 1364, 158 L.Ed.2d at 192–93).[5]

---

4. "[I]t is a rule of the common law, founded on natural justice, that no man shall be prejudiced by evidence which he had not the liberty to cross examine." *Crawford*, 541 U.S. at

49, 124 S.Ct. at 1363, 158 L.Ed.2d at 191 (quoting *State v. Webb*, 2 N.C. 103, 104 (Super. L. & Eq. 1794) (decided three years after the adoption of the Sixth Amendment)).

Our analysis therefore turns to whether Weaver's statements to Officer Brown are testimonial for purposes of the Sixth Amendment. In the recent cases of *Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), and *Hammon v. Indiana,* decided with *Davis,* the United States Supreme Court offered additional guidance in determining when statements made to law enforcement personnel are "testimonial".[6] The statements under consideration in *Davis* were made by a domestic violence victim to a 911 operator as the victim was being assaulted. In *Hammon,* police officers responded to a domestic disturbance call at a home, saw a heater with broken glass, and spoke with the victim, who initially said nothing happened. Asked again by one of the officers what had occurred, the victim related that she and her husband had been in an argument, that he had become angry and had thrown her down, shoved her head into the broken glass, and punched her. Neither victim appeared at trial.

In determining which statements were testimonial for Sixth Amendment purposes, the *Davis* Court held as follows:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the

interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id.* at 2273–74.[7] Despite the reference to purpose, the Court clarified, however, that, "it is in the final analysis the declarant's statements, not the interrogator's questions, that the Confrontation Clause requires us to evaluate." *Id.* at 2274, n. 1. Where statements recount potentially criminal past events, the declarant is, for Confrontation Clause purposes, acting as a witness against the accused. *Id.* at 2278. More simply, statements that tell "what is happening" are nontestimonial, while statements that tell "what happened" are testimonial. *Id.* Accordingly, the Court held that the present-tense statements by the victim in *Davis* to the 911 operator were nontestimonial. The statements by the victim to the police officer in *Hammon,* because they related *past* events, were testimonial.[8]

The facts of the present case are similar to those in *Hammon.* Here, the police officer responded to a call, and discovered Nicole Weaver. She proceeded to tell the

---

**5.** Where nontestimonial hearsay is at issue, states are free to use their hearsay rules. *Crawford,* 541 U.S. at 68, 124 S.Ct. at 1374, 158 L.Ed.2d at 203.

**6.** While the case before us also involved statements to a law enforcement official, neither *Crawford* nor *Davis* limited testimonial statements to those obtained by law enforcement or their agents. The *Davis* Court explained that its holding refers to police interrogations because the cases before it were the products of interrogations. " 'This is not to imply, however, that statements made in the absence of any interrogation are necessarily nontestimonial.' The Framers were no more willing

to exempt from cross-examination volunteered testimony or answers to open-ended questions than they were to exempt answers to detailed interrogation." *Davis,* 126 S.Ct. at 2274, n. 1.

**7.** Under an objective standard, the thoughts and motivations of the declarant, or the person taking the statements, are irrelevant.

**8.** Applicable to the present case as well, the Court held that the fact that the statements were given at the crime scene and were "initial inquiries" was immaterial. *Davis,* 126 S.Ct. at 2279.

officer "what happened," recounting the assault by Rankin. Under *Davis* and *Crawford,* Weaver's statements are testimonial.[9] The Sixth Amendment prescribes that the only method for testing their reliability is through cross-examination. We cannot consider whether they fit into the excited utterance, or any other hearsay exception. To do so "would perpetuate . . . what the Sixth Amendment condemns." *Crawford,* 541 U.S. at 67, 124 S.Ct. at 1373, 158 L.Ed.2d at 202.[10]

For the foregoing reasons the decision of the Jefferson Circuit Court (reversing the Jefferson District Court's dismissal) is reversed, and the Jefferson District Court's order of dismissal is reinstated.

All sitting. LAMBERT, C.J., ABRAMSON, MINTON, NOBLE, SCHRODER, JJ., concur. CUNNINGHAM, J., concurs in result by separate opinion in which SCOTT, J., joins.

Concurring Opinion by Justice CUNNINGHAM.

I concur in result only with the well-written majority opinion, and disagree as to the reasoning. In my opinion, this case involved a clearly "nontestimonial" statement made by the witness, and it is easily distinguishable from *Davis v. Washington*[1] and *Hammon v. Indiana,* decided with *Davis.*

Under the facts of this case, the declarant had been the subject of serious physical abuse, and was clearly injured when the officer arrived on the scene. The perpetrator was no where in sight, nor did the officer have any idea exactly what he was confronting. When he asked her what had happened, he was obviously attempting to meet an ongoing emergency.

I also believe that the majority misconstrues the guidance given in the cases of *Davis* and *Hammon.* An assessment as to whether the declarant is speaking about events as they actually happen, or events that have already happened, is simply one factor to be considered in determining if the statements are testimonial. In the *Davis* case, the Court was simply pointing out that this was one distinction between it and the *Crawford*[2] case.

As stated in *Crawford,* and basically followed in *Davis* and *Hammon,* there are "various formulations" of circumstances causing statements to either qualify as testimonial or nontestimonial. The clear standard given in these cases is not a bright line rule as to whether the statements are in the present tense or past tense, but is as follows: "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emer-

---

**9.** *See also Heard v. Commonwealth,* 217 S.W.3d 240 (Ky.2007) (statements by assault victim to police officer called to the scene were testimonial).

**10.** Per *Davis,* 126 S.Ct. at 2279, n. 6:

Police investigations themselves are, of course, in no way impugned by our characterization of their fruits as testimonial. Investigations of past crimes prevent future harms and lead to necessary arrests. While prosecutors may hope that inculpatory "nontestimonial" evidence is gathered, this

is essentially beyond police control . . . The Confrontation Clause in no way governs police conduct, because it is the trial *use* of, not the investigatory *collection* of, *ex parte* testimonial statements which offends that provision. But neither can police conduct govern the Confrontation Clause; testimonial statements are what they are.

**1.** 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).

**2.** 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

gency." 126 S.Ct. at 2273. In this case, it was clearly the purpose of the police officer to assess the situation and to deal with what was, in fact, an ongoing emergency.

In my opinion, the statements made in this case were clearly nontestimonial. Therefore, the district judge was right in addressing whether the statement fell under any exception to the hearsay rule. The district judge found that the statement made by the declarant did not qualify as an excited utterance. While judges might differ as to this finding, I do not believe the trial judge abused his discretion, and therefore his finding should stand. On this basis, and not on the basis of the statement being testimonial, I would concur in reversing the circuit court and reinstating the order and judgment of the district judge.

SCOTT, J., joins.